UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
WAYNE WELMON, Individually and on Behalf of : 
all others similarly situated, :
 :
                 Plaintiff, :
 :
    -v- :   No. 06 Civ. 1283 (JES)
 :
CHICAGO BRIDGE & IRON CO. N.V., GERALD :
M. GLENN, ROBERT B. JORDAN, and :
RICHARD E. GOODRICH, :
 :
                 Defendants. :
---------------------------------------------------------------- x

## MEMORANDUM OF LAW OF DEFENDANTS GERALD M. GLENN AND ROBERT B. JORDAN JOINING CHICAGO BRIDGE & IRON CO., N.V.'S AND RICHARD E. GOODRICH'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

      Individual defendants Gerald M. Glenn and Robert B. Jordan hereby join in the arguments presented by defendants Chicago Bridge & Iron Co., N.V. ("CB&I") and Richard E. Goodrich in opposition to plaintiffs' Motion for Class Certification.

      As detailed more fully in CB&I's and Goodrich's Memorandum of Law in opposition to class certification, all three proposed class representatives are atypical of those putative class members who purchased after the initial October 31, 2005 company announcement and associated analyst warnings. Proposed class representative Fortis is atypical because, among other things, Fortis only purchased CB&I shares after the October 31, 2005 announcements of accounting problems and an investigation. Moreover, Fortis continued to purchase shares in CB&I even after the proposed class period ended on February 3, 2006, when even plaintiffs acknowledge that the market fully learned of the full contours of the alleged fraud. Class certification discovery showed that Fortis's decision to keep purchasing CB&I shares after the initial warnings and even after the final disclosures was consistent with a high-risk

investment strategy of buying "fallen angels" like CB&I. In particular, Fortis's decision to continue to purchase CB&I shares even after the final February 3, 2006 disclosures raises serious questions of materiality and reliance that subject Fortis to unique defenses on these grounds. Fortis is therefore not typical of pre-October 31 purchasers or post-October 31 purchasers.

      Proposed class representative Metzler is also atypical under the same rationale. Metzler also only purchased after the October 31, 2005 initial announcement and associated analyst warnings. Accordingly, Metzler, like Fortis, is not typical of the pre-October 31, 2005 purchasers of CB&I shares whose claim is that they purchased without knowing of accounting problems at CB&I. Moreover, Metzler's representative testified in class discovery that like Fortis's strategy of investing in a "fallen angel," Metzler bought CB&I shares with full knowledge of the October 31, 2005 disclosures because they viewed CB&I as "a turnaround situation." In fact, Metzler did not even purchase any CB&I shares until four (4) days before the end of the proposed class period. Metzler is therefore also not typical of post-October 31 purchasers because of the questions of materiality and reliance that also subject Metzler to unique defenses.

      Proposed class representative Mundy, who only purchased CB&I shares before the October 31, 2005 initial disclosures, is also atypical of those who purchased after these disclosures. Mundy testified in class discovery that he would not have bought shares in CB&I after the October 31, 2005 warnings of accounting improprieties and an ongoing investigation, and the accompanying analyst warnings – and, unlike Fortis and Metzler, Mundy did not in fact purchase any further shares after these warnings.

      Finally, as detailed in CB&I's and Goodrich's submission, all three proposed class representatives are also inadequate representatives as to the entire class. Class discovery demonstrated that all three proposed class representatives have failed to adequately monitor the litigation to date, deferred to counsel in all matters, Fortis failed to preserve relevant documents, and Metzler and Mundy filed incorrect certifications.

      For all of the foregoing reasons, including those reasons further detailed in CB&I's and Goodrich's opposition brief, this Court should deny plaintiffs' motion for class certification.

-3-

Dated: April 2, 2007                    LEBOEUF, LAMB, GREENE & MACRAE LLP

                                        By:   /s/ *Ilona Coleman-Lange*
                                              Geoffrey H. Coll (GC-2020)
                                              Ilona Coleman-Lange
                                              Lynn M. Robitaille
                                              1875 Connecticut Avenue, N.W.
                                              Suite 1200
                                              Washington, D.C. 20009
                                              (202) 986-8000

                                              *Attorneys for Defendants Gerald M. Glenn and Robert B. Jordan*