UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WAYNE WELMON, Individually and on Behalf of all others similarly situated,

    Plaintiff,

vs.

CHICAGO BRIDGE & IRON CO. N.V., GERALD M. GLENN, ROBERT B. JORDAN, and RICHARD E. GOODRICH,

    Defendants.

06-CV-01283 (JES)

## PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS

WHEREAS, on _January 22_, 2008, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _30th_ day of _January_ 2008 that:

1.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this Action is hereby certified as a class action on behalf of all persons who purchased the securities of CB&I between March 9, 2005 to February 3,

2006, inclusive, and who were damaged thereby. Excluded from the Settlement Class are Defendants, elected officers and directors of CB&I at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest.

2.      The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Settlement Class Representatives are typical of the claims of the Settlement Class they seek to represent; (d) the proposed Settlement Class Representatives and Plaintiffs' Co-Lead Counsel will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Fortis Investment Management N.A./S.A and Metzler Investment GmbH and Walter J. Mundy are certified as Settlement Class Representatives.

4.      A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _June 3_, 2008, at _3_ : _00_ _p_.m. for the following purposes:

      (a)    to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

      (b)    to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

      (c)    to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

      (d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

      (e)    to consider Plaintiffs' Counsel's application for an award of attorneys' fees and expenses; and

      (f)    to rule upon such other matters as the Court may deem appropriate.

5.    The Court reserves the right to reschedule the Settlement Fairness Hearing and/or approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

6.  The Court approves the form, substance and requirements of the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

7.  The Court approves the appointment of Complete Claim Solutions, LLC as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before February 8, 2008, to all Settlement Class Members who can be identified with reasonable effort. The Defendants shall cooperate in making CB&I's transfer records and security holder information available to the Claims Administrator for the purpose of identifying and giving notice to the Settlement Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased CB&I securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominee purchasers are directed within, seven (7) days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners, or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of

sending the Notices and Proofs of Claim to beneficial owners. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

8. The Court approves the form of Publication Notice of the pendency of this class action and the proposed settlement in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be published in English in the national and European editions of *The Wall Street Journal* and *Financial Times*, and in German in the *Frankfurter Allgemeine Zeitung* and in the *Berliner Zeitung*, and transmitted over the Global Media Circuit of *Business Wire* within ten days of the mailing of the Notice. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

9. The form and content of the Notice, and the method set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto. The Court finds that the description of Plaintiffs' Counsel's application for fees and expenses and the identities of counsel applying for such fees and expenses in the Notice is sufficient to satisfy Rule 23.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York.

10. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than _June 26_, 2008. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or

6

modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

11. Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail the request in written form by first class mail postmarked no later than _May 8_ (PK), 2008 to the address designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the consolidated class action entitled, *Welmon v. Chicago Bridge & Iron Co. N.A., et al.*, Case No. 06-CV-01283 (JES), and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases and sales of CB&I common stock during the Settlement Class Period. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

12. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

13. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, and copies of all such papers are served, on or before ___May 8___ (26), 2008, upon each of the following: Robert M. Roseman, Esq., Spector Roseman & Kodroff, P.C., 1818 Market Street, Suite 2500, Philadelphia, Pennsylvania 19103, Barry A. Weprin, Esq., Milberg Weiss LLP, One Pennsylvania Plaza, New York, New York 10119-0165 and Mark S. Willis, Esq., Cohen, Milstein, Hausfeld & Toll, P.L.L.C., 1100 New York Avenue, N.W., Suite 500, West Tower, Washington, D.C. 20005 on behalf of the Plaintiffs and the Settlement Class; and John F. Batter III, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109 on behalf of Defendants CB&I and Robert E. Goodrich; and Geoffrey H. Coll, Esq., Dewey & LeBoeuf LLP, 1101 New York Avenue N.W., Suite 1100, Washington, D.C. 20005 on behalf of Defendants Gerald M. Glenn and Robert B. Jordan. Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

8

14. Pending final determination of whether the Settlement should be approved, the proposed Settlement Class Representatives, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

15. As provided in the Stipulation, Plaintiffs' Co-Lead Counsel may pay up to $200,000 to the Claims Administrator for the actually incurred and documented reasonable and customary fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

16. If: (a) the Settlement is terminated by Defendants pursuant to ¶ 23 of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Co-Lead Counsel or Counsel for the Defendants elects to terminate the Settlement as provided in ¶ 25, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order certifying the Settlement Class and the Settlement Class Representatives for purposes of the Settlement shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as of November 15, 2007.

17.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated:      New York, New York
            _____, 2008

                                    _____
                                    Honorable John E. Sprizzo
                                    UNITED STATES DISTRICT JUDGE